**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **WADE RYAN REEVES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 25-CV-677-CVE-SH** |
| | ) | |
| **BENJAMIN D. AYCOCK, ANGELA N. MONROE, and COURTNEY NAJERA,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court are Benjamin D. Aycock's motion to dismiss (Dkt. # 11) and Angela Monroe and Courtney Najera's motion to dismiss (Dkt. # 19). Defendant Benjamin D. Aycock argues that he is a private attorney who represents plaintiff's ex-wife in state court proceedings concerning the alleged underpayment of plaintiff's child support obligation, and he is not a state actor for the purpose of plaintiff's claims under 42 U.S.C. § 1983. Dkt. # 11. Defendants Angela Monroe and Courtney Najera contend that they are attorneys for the Oklahoma Department of Human Services (DHS), and that plaintiff's allegations do not support a claim that they violated plaintiff's Fourteenth Amendment rights. Dkt. # 19. Monroe and Najera also invoke Younger abstention[1] and the Rooker-Feldman doctrine.[2] Plaintiff's responses to the motions to dismiss focus primarily on defendants' alleged misstatements concerning the procedural history of state court contempt proceedings against plaintiff, and he argues that defendants' use of state court contempt

---

1 Younger v. Harris, 401 U.S. 37 (1971).

2 Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

proceedings to coerce his compliance with an invalid child support order violates his right to substantive and procedural due process under the Fourteenth Amendment.

**I.**

Plaintiff states that he currently resides in Glenpool, Oklahoma, but he formerly lived in California with his ex-wife, Alisha Gregorio.[3] Dkt. # 2, at 3. Plaintiff alleges he entered a settlement agreement with Gregorio to resolve their divorce, and the state courts of California entered a final judgment in the parties' divorce proceedings. Id. at 4-5. Gregorio sought and obtained a modification of plaintiff's child support obligation in California, and the judgment, including the modified child support obligation, was registered in Tulsa County District Court. Id. at 5. Plaintiff objected to the registration of the judgment in Oklahoma courts, but he acknowledges that the state court overruled his objection and registered the California judgment. Id. Gregorio retained Oklahoma counsel, Benjamin Aycock, and Aycock filed an application for contempt against plaintiff in Tulsa County District Court. Id. at 5-6. In October 2023, the Oklahoma Department of Human Services (DHS) entered an appearance in the contempt proceedings, and plaintiff's allegations suggest that the contempt proceedings had been stayed prior to DHS's entry into the case. Id. at 6. DHS attorney Angela Monroe filed a motion to lift the stay and resume contempt proceedings

---

[3] The Court is relying on the allegations of the complaint to summarize the procedural history of other judicial proceedings relevant to this case, and defendants also relied on these allegations when filing motions to dismiss. Plaintiff's responses to the motions to dismiss fault defendants for misstating the sequence of events and procedural history, and he has attached additional documents to his responses concerning the proceedings in California and Oklahoma courts. The Court finds that defendants appropriately relied on plaintiff's allegations, rather than evidence outside of the pleadings, when filing their motions to dismiss, and the Court will also confine its review of plaintiff's claims to the allegations raised in his complaint, unless otherwise stated, for facts occurring after the filing of the complaint.

against plaintiff, and plaintiff alleges that Monroe and Aycock were jointly representing Gregorio in the state court contempt proceedings. Id. at 7.

In August 2024, Aycock and Monroe submitted a pretrial conference order in the contempt proceedings, and the presiding judge entered the pretrial conference order. Id. at 7. Plaintiff alleges that Aycock filed a second application for contempt against plaintiff based on the non-payment of attorney fees, and the second application sought penalties such as incarceration and fines to compel compliance with a court order to pay attorney fees. Id. In September 2024, DHS attorney Courtney Najera filed notice requiring plaintiff to appear for a court hearing, and the notice advised plaintiff that a bench warrant could be issued if he failed to appear at the hearing. Id. at 8. Najera also filed a motion in limine asking the state court to prohibit plaintiff from raising "jurisdictional challenges and defenses relating to the validity and enforcement of the foreign judgment."[4] Id. The state court held a status conference in December 2025 in the original contempt proceedings, and plaintiff did not appear at the hearing. Id. The state court issued a bench warrant for plaintiff's arrest due to his failure to appear at the hearing, and the state court ordered that the contempt proceedings continue to a jury trial. Id. at 9.

Plaintiff has supplemented the allegations of the complaint with additional information about the status of the contempt proceedings, and he states that the contempt proceedings are now closed. Plaintiff claims that the state court lacked jurisdiction to proceed with the contempt proceedings, and he declined to appear at a jury trial held on March 2, 2026 in the original contempt proceedings

---

[4] Plaintiff relies on the filing of this motion in limine throughout his briefing in an attempt to show that he was prevented from fully presenting a defense in the state court proceeding. However, he has not disclosed whether the motion in limine was granted and it appears he continued to the challenge the state court's jurisdiction throughout the contempt proceedings.

concerning underpayment of child support. Dkt. # 27, at 6. The state court entered a default judgment against plaintiff and issued a warrant for plaintiff's arrest. Id. Plaintiff filed a motion to vacate the default judgment alleging that the trial court lacked jurisdiction to proceed with the jury trial in March 2026. Id. Plaintiff argued that the state trial court lacked jurisdiction to set the March 2026 jury trial, because the trial court issued the order setting the trial prior to receiving a mandate from the Oklahoma Supreme Court in one of plaintiff's interlocutory appeals. Id. at 4-7. Aycock filed a motion to withdraw as counsel of record, and plaintiff states that the motion was granted with the condition that the case would be dismissed without prejudice if Gregorio failed to enter a pro se appearance or obtain new counsel. Id. at 7. Plaintiff claims that the deadline has passed Gregorio has not entered a pro se appearance or obtained new counsel. Id. The documents provided by plaintiff show that Aycock received leave to withdraw from the contempt proceedings following entry of the default judgment, and defendants' arguments strongly suggest that all of the contempt applications were actually in the same underlying lawsuit. Dkt. # 19, at 2-3. The Court's review of record supports this understanding of the record, and plaintiff's references to multiple contempt applications appear to refer to the same underlying lawsuit. At the moment, the Court finds no basis to conclude that there is any ongoing litigation in the state court contempt proceedings.

On December 16, 2025, plaintiff filed this case alleging § 1983 claims against Aycock, Monroe, and Najera for allegedly violating his rights under the Fourteenth Amendment. Plaintiff seeks declaratory relief that the state court contempt proceedings violated his federal constitutional rights, and he seeks compensatory and punitive damages against defendants in an undisclosed amount. Plaintiff is not represented by an attorney.

**II.**

Defendants argue that plaintiff has failed to state a claim and that the Court lacks subject matter jurisdiction over this case. Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010).

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact,

and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). A court's generous construction of a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts . . . ." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

**III.**

Defendants ask the Court to dismiss plaintiff's claims for failure to state a claim upon which relief can be granted, and Monroe and Najera also argue that they have qualified immunity from

plaintiff's claims. Aycock argues that he is a private attorney, and he is not a state actor subject to suit under § 1983. All defendants argue that plaintiff has failed to adequately allege a violation of his right to procedural or substantive due process. Plaintiffs' responses to the motions to dismiss primarily constitute disputes about the procedural history of the state court contempt proceedings, but he argues without citation to any legal authority that the use of contempt proceedings to compel payment of child support violates plaintiff's federal constitutional rights. Dkt. # 17, at 8; Dkt. # 21, at 8-9.

Before reaching defendants' arguments for dismissal, Monroe and Najera have invoked Younger abstention and the Court must consider this issue before reaching the remaining arguments for dismissal. The Tenth Circuit has explained that Younger abstention is mandatory, and a district court must dismiss or abstain from hearing a case when Younger abstention is applicable. Winn v. Cook, 945 F.3d 1253, 1258-59 (10th Cir. 2019) (explaining that Younger abstention is mandatory unless a specifically designated exception is applicable); Weitzel v. Division of Occupational and Professional Licensing of Dep't of Commerce, 240 F.3d 871, 875 (10th Cir. 2001) ("Younger abstention is non-discretionary"). When Younger abstention applies, claims seeking injunctive or declaratory relief are subject to dismissal, but the district court must abstain from ruling on claims for money damages until the completion of the state court proceedings. Graff v. Aberdeen Enterprizes, II, Inc., 65 F.4th 500, 523 (10th Cir. 2023).

"Under the Younger abstention doctrine, federal courts should not 'interfere with state court proceedings by granting equitable relief–such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings-' when a state forum provides an adequate avenue for relief." Weitzel, 240 F.3d at 875. The Supreme Court had made

clear that the circumstances giving rise to Younger abstention must be "exceptional," and Younger abstention is triggered only by state proceedings falling into one of the following categories: "(1) state criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state court's ability to perform their judicial function." Travelers Casualty Ins. Co. of America v. A-Quality Auto Sales, Inc., 98 F.4th 1307, 1317 (10th Cir. 2024) (quoting Graff, 65 F.4th at 522). If the state proceedings fall within one of the enumerated categories, the district court must consider three factors to determine whether Younger abstention is appropriate:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

Chapman v. Oklahoma, 472 F.3d 747, 749 (10th Cir. 2006). These three factors are known as the Middlesex[5] factors, and the Supreme Court has clarified that these factors are not dispositive for the application of Younger abstention. Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 80-82 (2013) (clarifying that the Middlesex factors are treated as additional factors once the party invoking Younger abstention has shown that the proceeding to be enjoined falls within the category of criminal or quasi-criminal proceedings appropriate for the consideration of Younger abstention).

The Court must initially determine whether a contempt proceeding to enforce a judgment for unpaid child support and attorney fees is the type of civil proceeding triggering application of Younger. The Tenth Circuit has explained that contempt proceedings should not mechanically be treated as cases falling within the category of "civil proceedings . . . that are uniquely in furtherance

[5] Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982).

of the state court's ability to perform their judicial function," but abstention is required when the relief sought in federal court would "enjoin or otherwise interfere with such proceedings." Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC, 953 F.3d 660, 672 (10th Cir. 2020). In this case, Gregorio seeks to enforce a judgment for unpaid child support and attorney fees and, even though the judgment did not originate in Oklahoma, the judgment has been registered in Oklahoma for the purpose of judicial enforcement. Once a judgment has been registered in Oklahoma, that judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner." OKLA. STAT. tit. 12, § 721. The contempt proceedings in state court directly concern the enforcement of an order or judgment, and the Court finds that the contempt proceedings in this situation do constitute a civil proceeding that is "uniquely in furtherance of the state court's ability to perform their judicial function." See Courthouse News Service v. New Mexico Administrative Office of Courts, 53 F.4th 1245, 1256-57 (10th Cir. 2022) (third category of cases for Younger abstention is primarily reserved for state court civil proceedings concerning the enforcement of orders or judgments).

Although a contempt proceeding provides a basis for Younger abstention, the Court finds no need to abstain from hearing plaintiff's claims due to the lack of ongoing proceedings in the state court case. The documents attached to plaintiff's motion for expedited ruling (Dkt. # 27) establish that a jury trial was held and the state court ruled against plaintiff due to his default, and Aycock has been permitted to withdraw as counsel of record. Plaintiff has stated sufficient facts suggesting that there is no possibility that the Court would interfere with an ongoing state court proceeding by hearing his claims, and the Court can rule on the pending motions to dismiss.

Defendants argue that plaintiff has failed to state a claim upon which relief can be granted, because plaintiff has not alleged facts suggesting that defendants violated his right to substantive or procedural due process under the Fourteenth Amendment. Aycock also argues that he is not subject to suit under § 1983, because he is simply an attorney for a private litigant in state court and he cannot be considered a state actor.[6] Plaintiff's responses to the motions to dismiss focus primarily on alleged procedural deficiencies in the state court proceedings, and he claims that defendants violated his federal constitutional rights by invoking the jurisdiction of a state court with seeking a "definitive" ruling that the state court could exercise subject matter jurisdiction over plaintiff.

Section 1983 provides a claim for relief against state actors for violation of a plaintiff's federal rights. Becker v. Kroll, 494 F.3d 904, 914 (10th Cir. 2007). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Anderson v. Suiters, 499 F.3d 1228, 1232-33 (10th Cir. 2007). The allegations necessary to establish a § 1983 violation "will vary based on the constitutional provision at issue." Ashcroft, 556 U.S. at 676. Regardless of the constitutional provision at issue, however, "[p]ersonal participation is an essential allegation in a § 1983 claim." Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976). In the context of § 1983 claims against multiple individual government actors, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective

---

[6] The Court does not find it is necessary to reach Aycock's argument that he is not a state actor because, even he were a state actor, there is no possibility that plaintiff has stated a colorable § 1983 claim against Aycock.

allegations against the state." Robbins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008) (emphasis in original). "[T]he complaint must therefore 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' as to the specific constitutionally impermissible actions allegedly committed by each named defendant to survive a motion to dismiss as to each defendant." Brewer v. Gilroy, 625 Fed. App'x 827, 833 (10th Cir. 2015) (quoting Ashcroft, 556 U.S. at 678) (internal quotations omitted).[7] When the defendant is a municipal entity, the "under color of state law" element of a § 1983 claim requires that the constitutional deprivation occurred pursuant to official policy or custom. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

Plaintiff alleges that defendants' actions violated his rights to substantive and procedural due process under the Fourteenth Amendment. As to substantive due process, a plaintiff challenging executive tortious actions must allege that "government action deprived a person of life, liberty, or property in a manner so arbitrary it shocks the judicial conscience." Stepp v. Lockhart, 168 F.4th 1286, 1313 (10th Cir. 2026). Negligent actions are not sufficient to state a substantive due process claim, and a plaintiff "must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006). Only conduct that is "egregious and outrageous" such that a government actor used his or her authority as an "instrument of oppression" will rise to the level of a substantive due process violation. Hernandez v. Riley, 734 F.3d 1254, 1261 (10th Cir. 2013). For plaintiff's procedural due process claim, he must first show that he has a liberty or property interest

---

[7] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

that has been subject to state interference, and he must establish that the procedures employed by state to deprive him of that interest was constitutionally insufficient. Moore v. Bd. of County Comm'rs of County of Leavenworth, 507 F.3d 1257, 1259 (10th Cir. 2007). "The essence of procedural due process is the provision to the affected party of some kind of notice and . . . some kind of hearing." Onyx Properties LLC v. Bd. of County Commissioners of Elbert County, 838 F.3d 1039, 1044 (10th Cir. 2016).

Plaintiff argues that defendants violated his Fourteenth Amendment rights by initiating contempt proceedings against him without first obtaining a "clear, contemporaneous judicial determination" that the state court had subject matter jurisdiction over the case. Dkt. # 2, at 11. Plaintiff's arguments concerning the alleged violation of his constitutional rights are based on a fundamental misunderstanding of the subject matter of state and federal courts. Federal courts are courts of limited jurisdiction, and the proponent of federal jurisdiction has the burden to prove that federal jurisdiction exists. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). However, state courts are typically courts of general jurisdiction, and there is a presumption that state courts have subject matter jurisdiction over a controversy. Ute Indian Tribe of the Uintah and Ouray Reservation v. Lawrence, 22 F.4th 892, 899 (10th Cir. 2022). In other words, neither Gregorio nor any of the attorneys acting on her behalf had any obligation to prove that the state court had subject matter jurisdiction over the case, and the burden was on plaintiff at all stages to show that the state court lacked subject matter jurisdiction if he believed it was lacking. The alleged failure of defendants to obtain a ruling from the state court that it actually had subject matter jurisdiction does not shock the conscience, and this conduct does not support a claim for violation of plaintiff's substantive due process rights.

Plaintiff seems to be making several arguments intended to show that the state court lacked jurisdiction over the proceedings and, as plaintiff is proceeding pro se, the Court will broadly construe his arguments to determine whether he could state a plausible claim alleging a constitutional violation. Plaintiff contests the validity of the California order modifying his child support obligation, and he claims that defendants failed to provide "strict proof" that the order was valid before seeking to hold him in contempt. Dkt. # 21, at 6-8. He contends that defendants acted unlawfully by invoking the coercive remedy of a contempt proceeding to compel the payment of child support. Dkt. # 2, at 11. Finally, he claims that Najera filed a motion in limine seeking to preclude him from raising jurisdictional defenses during a jury trial, and he claims that this shows that defendants proceeded with the case knowing that jurisdictional issues were "unresolved." Dkt. # 21, at 7-8.

The most basic problem with plaintiff's arguments is that he cites no authority suggesting that any action by the named defendants could qualify as a violation of his constitutional rights, and he is effectively inviting the Court to construct a constitutional argument on his behalf. The mere fact that plaintiff disputed whether the state court had subject matter jurisdiction over the contempt proceedings did not deprive the state court of jurisdiction. As the Court previously explained, the state court presumptively had subject matter jurisdiction over the proceedings, and it is not a constitutional violation for the state court to exercise jurisdiction and overrule plaintiff's challenges to the validity of the California order modifying his child support obligation. Plaintiff argues that he was denied procedural due process in violation of the Fourteenth Amendment "when coercive state power was applied in a disposed case, after contempt had been stricken, and without lawful procedural re-invocation by [Aycock]." Dkt. # 17, at 5. Contempt has long been used as a means

to enforce child support orders, and the use of imprisonment to coerce compliance with a child support order does not automatically violate the Due Process Clause as long as the sentence can be purged by payment of the arrearage. Hicks on Behalf of Feiock v. Feiock, 485 U.S. 624, 640-41 (1988). Plaintiff complains that the issuance of a bench warrant was sufficient to trigger his right to procedural due process. Dkt. # 17, at 7. Plaintiff again seems to misunderstand the scope of the remedy provided by his constitutional right to procedural due process, as his allegations clearly support an inference that he had notice the state court was contemplating imposing a prison sentence as a part of a contempt sanction and he had the opportunity to appear at a jury trial to contest the imposition of a contempt sanction. Dkt. # 2, at 8-9. There is nothing inherently unconstitutional about the use of contempt proceedings, including a limited prison sentence, to compel the payment of outstanding child support, and plaintiff plainly had notice of the hearings and jury trial in state court during which he could have contested the court's jurisdiction and his child support obligations. Plaintiff has not alleged any facts suggesting that the attorney defendants violated his right to procedural due process by participating in contempt proceedings to compel the payment of outstanding child support, even if plaintiff disputed the jurisdiction of the state court or the amount of his child support payments. Finally, plaintiff cites no authority suggesting the mere filing of a motion in limine to limit jurisdictional challenges at a jury trial constitutes a constitutional violation, especially considering that he makes no allegation that the motion was actually granted and it is not clear that the filing of the motion interfered with his ability to raise jurisdictional challenges.

The Court finds no basis to conclude that any of the alleged conduct by defendants violated plaintiff's right to substantive or procedural due process under the Fourteenth Amendment, and he has failed to state a claim under § 1983 against any defendant. The Court also finds that plaintiff's

claims should be dismissed with prejudice to refiling. Plaintiff has made no substantial attempt to show that his claims were supported by existing law, and he likely filed this case to delay the state court proceedings and deter defendants from representing his ex-wife in the state court contempt proceedings. The Court does not find that there is any possibility that plaintiff could refile this case and assert colorable § 1983 claims against any defendant, and dismissal with prejudice is appropriate.

**IT IS THEREFORE ORDERED** that Benjamin D. Aycock's motion to dismiss (Dkt. # 11) and Angela Monroe and Courtney Najera's motion to dismiss (Dkt. # 19) are **granted**, and plaintiff's claims are **dismissed with prejudice to refiling**. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for an expedited ruling (Dkt. # 27) is **moot**.

**DATED** this 26th day of August, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE